Freejian, J.,
delivered the opinion of the Court.
This is an action commenced by summons before a Justice of the Peace of Putnam County. The cause of action is stated to be “a plea of trespass on the case, with force and arms, for killing his heifer, and converting her to his own use,” to his damage, etc.
The case was tried on appeal to the Circuit Court, and verdict had for plaintiff below; a motion for new trial made and overruled, and appeal in nature of writ of error to this Court.
*214 The main question presented in argument before us, arises on the proposition by defendant below, to prove, “by all the plaintiff’s witnesses, that they knew tbe defendant’s general character well, and lived close to him; and that his general character for honesty was as good as that of any man.” Which testimony was objected to by plaintiff, and the objection sustained by the Court, to which the defendant excepted.
Did the Court err in this ruling, is the question for our decision.
The facts of the case show an attempt on part of the plaintiff below to fix a liability on defendant because of his assent' to, and participation in, the killing of his heifer for beef, using the meat as food for his family, and selling the hide for profit, or sending it to a tan yard as his own. The charge as made out in the proof, or attempted to be made out, is one involving moral turpitude, and an utter want of honesty, such as well may fix a stain on the character of any man. The ease is sought to be made out against the defendant below by circumstantial testimony. We hold that, in such a case, evidence of character for honesty and integrity, such as was proposed, was admissible.
In the case of Brien v. Perry, 3 Caine’s Cases, 120, Judge Tompkins lays down the rule to be “that in actions of tort, and especially charging the defendant with gross depravity and fraud, .upon circumstances merely, evidence of uniform integrity and good character, is oftentimes the only testimony which a defendant can oppose to suspicious circumstances.”
Chancellor Walworth, in the case of Townsend v. *215 Grams, gave the above case bis sanction, and holds the general rule to be, “that where a party is charged with a crime, or any other act involving moral turpitude, which is endeavored to be fastened on him by circumstantial evidence, or by testimony of witnesses of doubtful credit, he may introduce proof of his former good character for honesty and integrity, to rebut the presumption arising from such evidence, which it may be impossible for him to contradict or explain.” See Scott v. Fletcher, 1 Tenn. Rep., 488, Cooper’s ed.
The rule thus laid down by the learned Chancellor meets our approval, and we think is well sustained by the soundest reasons, based in the philosophy of human action and the well established course of human conduct.
It may be sustained by a liberal application of the principle which allows collateral facts to be given in evidence when they afford any reasonable presumption or inference as to the principal, fact or matter in dispute. Greenl. on Ev., § 59.
% * * * * ¡i- -Y- *
The case will be reversed, and remanded to the Circuit Court,